**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>CHESTERFIELD VALLEY INVESTORS, LLC d/b/a GATEWAY CLASSIC CARS,<br><br>    Defendant. | Case No. 1:24-cv-721<br><br>Complaint and Jury Trial Demand |

## Nature of the Action

1. This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party, Jane Doe.[1] As alleged with greater particularity in paragraph 13 below, the Equal Employment Opportunity Commission alleges that Defendant Chesterfield Valley Investors, LLC, doing business as Gateway Classic Cars, violated Title VII by subjecting Doe to a hostile work environment because of her sex.

## Jurisdiction and Venue

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as

---

[1] Given the public interest in protecting the identities of victims of egregious sexual harassment, the Commission is using a pseudonym to protect the Charging Party.

amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana.

## Parties

4. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

5. At all relevant times, Defendant, Chesterfield Valley Investors, LLC, doing business as Gateway Classic Cars ("Gateway"), continuously did business in the State of Indiana and the city of Indianapolis and continuously had at least 15 employees.

6. At all relevant times, Defendant Gateway has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## Administrative Procedures

7. More than 30 days prior to the institution of this lawsuit, Jane Doe filed Charge Number 470-2021-02612 with the Commission alleging violations of Title VII by Defendant Gateway.

8. On November 13, 2023, the Commission issued to Defendant Gateway a Letter of Determination finding reasonable cause to believe that

Defendant Gateway violated Title VII and inviting Defendant Gateway to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and find appropriate relief.

9. The Commission engaged in communications with Defendant Gateway to provide Defendant Gateway the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Gateway a conciliation agreement acceptable to the Commission.

11. On December 13, 2023, the Commission issued to Defendant Gateway a notice of failure of conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## Statement of Claims

13. Beginning in or about July 2020 and continuing through July 2021, Defendant Gateway engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by subjecting Doe to a hostile work environment based on her sex, female.

    a. Gateway hired Doe on or about July 1, 2020.

    b. At all relevant times Doe worked as Office Manager of Gateway's Indianapolis showroom.

    c. At all relevant times Doe worked primarily from the Indianapolis showroom.

    d.    At all relevant times Gateway's Chief Financial Officer and Chief Operating Officer (CFO/COO) worked out of Gateway's St. Louis-area office.

    e.    In or around July 2020 Gateway's CFO/COO began subjecting Doe to unwelcome sexual conduct, advances, and requests.

    f.    Gateway's CFO/COO messaged Doe to ask whether Doe liked anal sex.

    g.    Gateway's CFO/COO messaged Doe to ask whether Doe had ever participated in sexual intercourse with more than one partner at a time.

    h.    Gateway's CFO/COO demanded Doe send him nude pictures of her intimate body parts.

    i.    Gateway's CFO/COO demanded Doe send him pictures using messaging apps other than those Gateway used for business purposes.

    j.    Doe did not invite Gateway's CFO/COO's conduct and did not welcome it.

    k.    Doe found the conduct to be offensive and was fearful for the loss of her job.

    l.    Doe resisted requests for intimate pictures to the extent she felt she could. For example, sometimes she instead sent a picture of herself fully clothed. At other times, she delayed responding.

    m.    Gateway's CFO/COO reacted negatively when Doe resisted his sexual conduct and reiterated his demand that she send nude pictures of her intimate body parts.

    n.    Doe felt compelled and provided a nude picture in response to Gateway's CFO/COO's repeated demand for one.

    o.    Gateway's CFO/COO demanded nude pictures of Doe's intimate body parts for a period of nearly a year.

    p.    Except for a period between approximately March 2021 through approximately May 2021, Gateway's CFO/COO demanded nude pictures of Doe's intimate body parts at least weekly.

    q.    Beginning in or around May 2021 Gateway's CFO/COO became still more demanding of Doe to send him nude pictures of her intimate body parts.

    r.    Also beginning in or around May 2021 Gateway's CFO/COO sent Doe pictures of his penis.

    s.    Doe did not request or want pictures of Gateway's CFO/COO's penis.

    t.    When Doe tried to ignore Gateway's CFO/COO's messages he would become angry.

    u.    In or around March 2021 Gateway's CFO/COO solicited Doe to join him in his hotel room during his upcoming visit to Indianapolis.

    v.    Doe did not request or want an invitation to join Gateway's CFO/COO in his hotel room.

w. Doe rejected Gateway's CFO/COO's solicitation to join him in his hotel room.

x. Gateway is liable for its CFO/COO's conduct because he was Gateway's proxy.

y. At all relevant times Gateway's CFO/COO reported directly to Gateway's owner.

z. At all relevant times Gateway's CFO/COO was outranked in Gateway's corporate structure only by Gateway's owner.

aa. At all relevant times Gateway's CFO/COO was a corporate officer.

bb. At all relevant times Gateway's CFO/COO oversaw, directly or indirectly, all departments at Gateway except for the sales department.

cc. Gateway is liable for its CFO/COO's conduct because he was a supervisor.

dd. Gateway's employee handbook required victims of unlawful harassment to report conduct to the victim's manager or Gateway's human resources manager.

ee. At all relevant times Doe reported to, and was managed by, a romantic partner and the eventual spouse of Gateway's CFO/COO.

ff. At all relevant times Doe understood that Gateway's CFO/COO, his romantic partner, and Gateway's human resources manager socialized outside of work.

6

  gg. Doe did not complain to her manager or Gateway's human resources manager because Doe observed their close personal relationships with Gateway's CFO/COO.

  hh. In or around June 2021 Doe complained about Gateway's CFO/COO's sexual conduct to the Indianapolis showroom manager, Gateway's highest-ranking manager on site.

  ii. The Indianapolis showroom manager discouraged Doe from complaining to Gateway's Human Resources Manager about Gateway's CFO/COO's sexual conduct.

  jj. Doe filed her charge of discrimination with the Commission on June 30, 2021, complaining of Gateway's CFO/COO's unwanted sexual conduct.

14. The unlawful employment practices complained of in paragraph 13 were intentional.

15. The unlawful employment practices complained of in paragraph 13 above were done with reckless indifference to the federally protected rights of Doe.

## Prayer for Relief

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Gateway, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of sex, including sexual harassment.

B. Order Defendant Gateway to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, including a workplace free of sexual harassment, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a permanent injunction enjoining Defendant Gateway, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who complain about sexual harassment.

D. Order Defendant Gateway to make whole Doe by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraph 13, above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order Defendant Employer to pay Doe punitive damages for its malicious and reckless conduct described in paragraph 13 above, in amounts to be proven at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## Jury Trial Demand

The Commission requests a jury trial on all questions of fact raised by its complaint.

                    U.S. EQUAL EMPLOYMENT
                    OPPORTUNITY COMMISSION

                    KARLA GILBRIDE
                    General Counsel

                    CHRISTOPHER LAGE
                    Deputy General Counsel

                    KENNETH L. BIRD
                    Regional Attorney

                    NANCY D. EDMONDS
                    Assistant Regional Attorney

                    */s/ Jonathan P. Bryant*
                    Jonathan P. Bryant, IN 24112-49
                    Trial Attorney
                    Indianapolis District Office
                    115 West Washington Street
                    South Tower Suite 600
                    Indianapolis, Indiana 46204
                    Direct Dial: 463-999-1154
                    Email: jonathan.bryant@eeoc.gov

Dated: April 26, 2024